Case 5:20-cv-00097   Document 3   Filed on 07/13/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **HERLINDA CARDENAS,** *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-97 |
| | § | |
| **GREENSKY, LLC,** *et al*, | § § | |
| Defendants. | § § | |

## ORDER

On June 17, 2020, Plaintiffs Herlinda Cardenas and Raul Cardenas brought this action against Defendants GreenSky, LLC, Synovus Bank, and SpaceWater Systems, LLC for fraud, breach of the federal Truth in Lending Act, deceptive trade practices, and violation of the Racketeer Influenced and Corrupt Organizations Act. (Dkt. 1 at 1.) Now pending is Plaintiffs' application to proceed *in forma pauperis* (IFP) (Dkt. 2). For the reasons discussed below, Plaintiffs' application (Dkt. 2) should be denied.

The decision whether to grant an application to proceed IFP falls within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see* 28 U.S.C. § 1915(a)(1). Generally, when a court determines whether to grant IFP status, it should not consider the substance of the complaint. *See Eason v. Holt*, 73 F.3d 600, 602 n.10 (5th Cir. 1996) ("Although the initial IFP determination is based *solely* upon the prisoner's economic status, the court retains the right to revoke IFP status and to dismiss the complaint upon a finding that the complaint is malicious or frivolous.") (emphasis added). Rather, a court should examine the applicant's financial records and determine whether, if the applicant were required to pay the filing fee, he or she would suffer "undue financial hardship." *Prows*, 842 F.2d at 140. This entails an examination of "the financial condition of the [IFP] applicant," including a review of

mandatory and discretionary demands on his or her financial resources. *Id.*

Here, Plaintiffs' IFP application indicates that they are unemployed but receive monthly social security benefits totaling $2,418. (Dkt. 2 at 1, 3.) Plaintiffs have a balance of $3,504.10 in their jointly held savings account, and Plaintiff Raul Cardenas owns a 2018 GMC Canyon truck valued at $15,000. (*Id.* at 2, 4.) Plaintiffs' combined monthly expenses total $410, which includes payments for utilities, gas, and the loan at issue in the present case. (*Id.*) They do not list rent payments nor do they claim to have any dependents. (*Id.*) Thus, after subtracting Plaintiffs' monthly expenses from their monthly income, it appears that Plaintiffs are left with approximately $2,008 per month.

The civil action filing fee for the Southern District of Texas is $400, which includes a $50 administrative fee. *See Schedule of Fees*, U.S. Dist. & Bankr. Ct. S. Dist. of Tex., https://www.txs.uscourts.gov/page/FeeSchedule. Four hundred dollars is approximately twenty percent of Plaintiffs' monthly income. Although this is not an inconsequential amount, the Court cannot find that Plaintiffs would suffer *undue* financial hardship, especially given that they have additional assets and savings. *See Bright v. Hickman*, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000) ("While plaintiff does not need to be absolutely destitute to qualify for [IFP] status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for himself and his dependents") (citing *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Nothing in Plaintiffs' application indicates that they would be forced to forgo any "necessities of life" in order to pay the required filing fee. *See Adkins*, 335 U.S. at 339.

For the foregoing reason, Plaintiffs' application to proceed IFP (Dkt. 2) is hereby DENIED.

IT IS SO ORDERED.

SIGNED this 13th day of July, 2020.

                                                    Diana Saldaña
                                                    United States District Judge